# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF COLUMBIA

PRABHJOT KAUR MONDRIAN;            )
  1000 Pacheco Rd., Apt. 4          )
  Bakersfield, CA 93307             )
                              )
SURINDER SINGH;                   )
MANJIT KAUR;                      )          Civil Action No **1:21-cv-2835**
  Village Kamari                   )
  Bholath, Dist. Of Kapurthala     )
  Punjab, India 144622             )
                              )
          Plaintiff(s)           )
                              )
       v.                            )
                              )
ALEJANDRO MAYORKAS, in his official       )
capacity, Secretary, U.S. Department of   )
Homeland Security;                        )
UR M. JADDOU, in her official capacity,   )
Director, U.S. Citizenship and Immigration )
Services;                                 )
  2707 Martin Luther King Jr. Ave, SE     )
  Washington, DC 20528-0485               )
                              )
MERRICK B. GARLAND, in his official       )
capacity, Attorney General, Office of Attorney )
General, U.S. Department of Justice;      )
  950 Pennsylvania Avenue, NW             )
  Washington, DC 20530-0001               )

          Defendants(s).

---

## PLAINTIFFS' ORIGINAL COMPLAINT
## FOR WRIT OF MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

Hashim G. Jeelani, Attorney for Plaintiffs, JEELANI LAW FIRM, PLC, 28411 Northwestern Hwy, Suite 875, Southfield, Michigan 48034, Ph: 248-850-7841, Facsimile: 312-767-9030, Email: hashim@jeelani-law.com.

## INTRODUCTION

COME NOW Prabhjot Kaur MONDRIAN (hereinafter "MONDRIAN" or collectively "Plaintiffs"), Surinder SINGH (hereinafter "SINGH" or collectively "Plaintiffs"), and Manjit KAUR (hereinafter "KAUR" or collectively "Plaintiffs") by and through the undersigned attorney and state as follows:

1.     This action is brought as a result of Defendants' failure to adjudicate Plaintiff MONDRIAN's Forms I-130, Petition for Alien Relative, ("Petitions") within a reasonable period of time. MONDRIAN is the U.S. Citizen daughter of Plaintiffs SINGH and KAUR. The two Petitions, if approved, will allow Plaintiffs SINGH and KAUR to apply for an immigrant visa and enter the United States to live with their U.S. Citizen daughter, Plaintiff MONDRIAN. Plaintiffs SINGH and KAUR do not have the right to come to the U.S. without the Petition approval.

2.     The two Petitions have been in a pending status for a period of over 29 months, which is over three times the historical processing time reported by Defendant USCIS.

3.     Even after a delayed adjudication by USCIS, given the backlog of cases, Plaintiffs will likely have to wait many months, and potentially years, for the Department of State to finish the processing of a visa applications, which is the second step after the Petition approval. USCIS delay in this case unreasonably and unnecessarily adds to the number of years the Plaintiffs will be forced to live separately in two different countries.

4.     The Plaintiffs have a clear right to adjudication of their Petitions in a timely manner. The delay in making a decision on Plaintiffs' Petitions extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571.

5.     Defendants cannot reasonably continue to use COVID-19 as a defense to their failure to adjudicate the Petition as there are no in-person interactions that are necessary or routine in the adjudication process; as such, COVID-19 related issues do not prohibit an officer's issuance of a decision in this matter.

6.      The final adjudication of the Petition is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

7.     Defendants are in violation of the Administrative Procedure Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on the Petition.

## PARTIES

8.     Plaintiff MONDRIAN is a resident of Kern County, California and a citizen of the United States.  She is the daughter of Plaintiffs SINGH and KAUR and the petitioner of the Forms I-130, Petition for Alien Relative, allowing beneficiary qualification for SINGH and KAUR to apply for immigrant visas to come to the United States.

9.     Plaintiff SINGH is a resident and national of the country of India.  Plaintiff SINGH is the beneficiary of his daughter's I-130 Petition.

10.     Plaintiff KAUR is a resident and national of the country of India.  Plaintiff KAUR is the beneficiary of her daughter's I-130 Petition.

11.     Defendant ALEJANDRO MAYORKAS is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against him in his official

capacity. Defendant MAYORKAS is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

12.     Defendant UR M. JADDOU is the Director of USCIS; she is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against her in her official capacity.

13.     Defendant MERRICK B. GARLAND is the Attorney General of the United States; he is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5.  This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

14.     This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiffs. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiffs are seeking judicial review of inaction by one or more of the Defendants.

15.     Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) in that this is the district in which one of the Defendants resides.

## EXHAUSTION OF REMEDIES

16.     The Plaintiffs have repeatedly requested the Defendants to make a final decision on the Petitions.  Further, Plaintiffs have initiated numerous inquiries with USCIS, directly and through their Congressman's Office. After such requests and inquiries failed, Plaintiffs notified the

Defendants of their intent to file suit. The Defendants have failed to respond to such notice. The threat of judicial intervention has been meaningless in expediting a resolution.

17.     The Plaintiffs have exhausted their administrative remedies. Plaintiffs have supplied USCIS with documents that establish Plaintiffs' eligibility for approval of their Petitions.

18.     There are no further administrative remedies available for Plaintiffs to utilize.

## FACTUAL ALLEGATIONS

19.     On May 10, 2019, Plaintiff MONDRIAN filed Form I-130, Petition for Alien Relative, naming her father, Plaintiff SINGH, as a beneficiary (Receipt# SRC-1990-38-0812) with USCIS.

20.     On May 10, 2019, Plaintiff MONDRIAN filed Form I-130, Petition for Alien Relative, naming her mother, Plaintiff KAUR, as a beneficiary (Receipt# SRC-1990-38-0813) with USCIS.

21.     On May 20, 2019, USCIS acknowledged through mailed notices that MONDRIAN's Petitions were properly filed and the requisite fees of $535 for each petition were also received. **[EXHIBIT A].**

22.     Since the filing of the Petitions, USCIS has made no requests for further information of the Plaintiffs.

23.     Plaintiffs have made numerous inquiries over the past 29 months with USCIS and have requested an adjudication of their Petitions.

24.     Plaintiffs' inquiries have resulted in continuous responses from USCIS stating that the Plaintiffs' Petitions were going through processing or background checks.  **[EXHIBIT B].**

25.     MONDRIAN's Petitions now continue to be pending with USCIS for over 29 months.

26.     USCIS has published a historical processing time of 8.6 months for the adjudication of Form I-130 for cases filed in 2019.[1]  Plaintiff MONDRIAN's Petitions have been pending for over 29 months, which is over three times the historical processing time.

27.     Defendants have refused to provide further explanation which would merit the need for over triple the amount of historical processing time.

28.     Defendants cannot reasonably continue to use COVID-19 as a defense to their failure to adjudicate the Petitions as there are no in-person interactions that are necessary or routine in the adjudication process; as such, COVID-19 related issues do not prohibit an officer's issuance of a decision in this matter.

29.     Plaintiffs have endured significant financial and emotional burdens as a result of the unreasonable period of time that their cases have been in pending status.

## COUNT I

### VIOLATION OF THE APA- FORMS I-130 FOR SINGH AND KAUR

30.     All prior paragraphs are re-alleged as if fully stated herein.

31.     Plaintiff MONDRIAN has a statutory right to apply for and receive an adjudication of her Petitions pursuant to 8 U.S.C. § §1154(a)(1)(A)(i) and U.S.C. § 1154(b).

32.     Defendants have a duty to adjudicate MONDRIAN's Petitions within a reasonable period of time under 5 U.S.C. §555(b).

33.     The duty owed to Plaintiffs is ministerial and so plainly prescribed as to be clear and free from doubt.

34.     No other adequate remedy is available to Plaintiffs.

---

[1] See USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt

35.     Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiffs to adjudicate the Petitions.

36.     The delay in making a decision on MONDRIAN's Petitions extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571.

37.     Given the Defendants' lack of a reason for not making a decision on Plaintiff MONDRIAN's Petitions for 29 months, the Petitions have been pending for an unreasonably long period of time.

38.     Defendants have failed in their statutory duty to adjudicate the Petitions in a reasonable time.

39.     Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on MONDRIAN's Petitions and have failed to carry out the adjudicative functions delegated to them by law with regard to MONDRIAN's cases.

40.     Defendants' delay in this case is, as a matter of law, arbitrary, and not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate Plaintiff MONDRIAN's Petitions, thereby depriving Plaintiffs of the rights to which they are entitled.

41.     In addition, as a result of this delay, Plaintiffs have incurred enormous costs and significant attorney's fees.  Also, as a result of Defendants' actions, Plaintiff MONDRIAN has been denied the right to petition for her parents to become permanent residents of the United States.

42.     Plaintiffs are forced to live apart in separate countries due to Defendants' delay.

43.     Further, Plaintiffs SINGH and KAUR have been unable to apply for permanent resident status and have lost time which would have accrued towards their qualification to naturalize as a U.S. Citizens.  In effect, Plaintiffs' lives are on hold due to Defendants' inaction.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully pray:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiffs' Petitions.

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiffs' Petitions immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date:  October 23, 2021                              Respectfully submitted,

           /s Hashim G. Jeelani
**Hashim G. Jeelani, Esq. (MI0081)**
**JEELANI LAW FIRM, PLC**
**28411 Northwestern Hwy, Suite 875**
**Southfield, MI 48034**
**hashim@jeelani-law.com**
**Phone:(248) 850-7841**
**Fax:(312) 767-9030**
*Counsel for Plaintiffs*